INHABITANTS OF PELHAM *vs.* OLNEY P. ALDRICH & another.

A voluntary conveyance of land, made in good faith by a plaintiff pending a personal action, is valid as against a judgment and execution for costs, subsequently recovered therein against him.

WRIT OF ENTRY to recover land in Pelham. At the trial in Hampshire, before *Metcalf*, J., the demandants claimed title under a levy of an execution against Asahel Aldrich, on a judgment for $202 recovered against him for costs, in September 1855, in an action which was brought by him against them in December 1852, and tried three times, once in October 1853, again in February 1854, and again in October 1854.

There was evidence that seven days before the second trial of that case, Asahel, "in consideration of love and affection and of one dollar paid," conveyed all his real and personal estate to his two sons, the present tenants, upon condition that they should pay and indemnify him against all debts and demands which he was then liable to pay, and should support him and his wife for life.

The demandants contended that this conveyance was void as against them, 1st. " Because it was upon no adequate consideration; and no consideration in fact having been paid at the time, it was, as against them, a mere voluntary conveyance." 2d. " Because it was made with the fraudulent intent to defeat the prospective payment for costs which they might recover."

This last issue was submitted to the jury. There was evidence that the value of the property at the time of the conveyance was from $1500 to $2500; and Asahel testified that he then owed debts to the amount of about $600; that he sup

posed they had been paid, as he had heard nothing from them since; and that he had no intention of defrauding anybody by the conveyance. Upon this issue the jury found for the tenants; and the presiding judge reported the case for the decision of the full court.

*C. Delano,* for the demandants. 1. The conveyance from Asahel Aldrich to his sons was strictly voluntary, and therefore, in law, fraudulent and void against " creditors and others," within the *St.* of 13 Eliz. *c.* 5, as within the mischief, described in the preamble, " to delay, hinder or defraud creditors and others of their just and lawful actions, suits, debts, accounts, damages, penalties, forfeitures, heriots, mortuaries and reliefs, not only to the let or hinderance of the due course and execution of law and justice, but also to the overthrow of all true and plain dealing." *Clapp* v. *Leatherbee,* 18 Pick. 138. *Gunn* v. *Butler,* 18 Pick. 248. *Twyne's case,* 3 Co. 80.

2. The *Sts.* of 13 & 27 Eliz. " cannot receive too liberal a construction, or be too much extended in suppression of fraud." By Lord Mansfield in *Cadogan* v. *Kennett,* Cowp. 434. The demandants were creditors, or *quasi* creditors, at the time of the conveyance; and are to be viewed as then existing claimants, whose right, though not perfect, was inchoate. If this had been a conveyance by a defendant pending a suit, instead of by a plaintiff, there could be no doubt that it was within the statute; and there is no good reason for protecting one party and not the other. Rev. Sts. *c.* 121, § 1. *Clapp* v. *Leatherbee,* 18 Pick. 131. *Damon* v. *Bryant,* 2 Pick. 411. *Sargent* v. *Salmond,* 27 Maine, 539. The demandants are within the legal signification of the words of the statute. 3 Bl. Com. 399, & app. xii. 3 Reeve's Hist. Eng. Law, 400.

At least, as subsequent creditors, they may set aside a conveyance, which was voluntary and void as against creditors existing at the time. *Parkman* v. *Welch,* 19 Pick. 231. *King* v. *Wilcox,* 11 Paige, 589.

3. The demandants, as subsequent purchasers for value and in good faith, may treat the prior voluntary conveyance as void within the *St.* of 27 Eliz. *c.* 4.

*I. F. Conkey*, for the tenants.

This case was decided at Boston in January 1858.

SHAW, C. J. The construction of the *Sts.* of 13 & 27 Eliz is now well settled, that, if the conveyance is fraudulent, subsequent creditors and purchasers may avail themselves of the fraud to set it aside; but if voluntary only, and made without fraudulent intent, it may be impeached and avoided by those only who were creditors when it was made. · *Beal* v. *Warren*, 2 Gray, 447.

When the grantor in this case made the deed to his sons, (which was upon good consideration, though perhaps not adequate,) he was plaintiff in a suit against the town, and had recovered a verdict. Subsequently the verdict was set aside, and judgment rendered in favor of the town for a large bill of costs, and execution levied on this land.

The jury have found that there was no fraudulent intent in the conveyance. And the court are of opinion that this was not a debt at the time of the conveyance; the debt did not accrue till judgment was rendered against him for costs; the debt having accrued after the conveyance, the demandants in this case were not his creditors at the time of the conveyance, and have no ground in law to avoid it, and the tenants are entitled to                                             *Judgment on the verdict.*